BROWN, CHIEF Judge
concurs in part and dissents in part.
Ill agree with the reversal of the WCJ’s assessment of a penalty and an attorney’s fee. I disagree with the affirmation of the award of Supplemental Earnings Benefits. To put it plainly, I would reverse the entirety of the WCJ’s judgment.
Claimant stumbled while waking into the casino. She did not fall. She suffered a strain. Prior to this, claimant had serious injuries to her right foot and lower back from an automobile accident (resulting in major surgery) and re-injury in a slip-and-fall at a grocery store. Her initial burden was to prove that the stumble caused her disability, that is, that her substantial pain was due to the work injury and not her preexisting degenerative foot and lumbar injuries. Horseshoe stipulated that claimant stumbled and strained her foot. The physicians stated that this aggravated her preexisting condition. Although it is questionable, Horseshoe appears to have conceded that claimant met her initial burden of proof that the strain caused her disability. Further, Horseshoe offered claimant, at the same salary, a job that all the physicians agreed she could physically perform. Therefore, the burden shifted to claimant to show by clear and convincing evidence that due to pain she was unable to perform the duties of the modified dealer position offered by Horseshoe.
The FCE and all the physicians agreed that claimant could work at this modified position. Claimant’s pain management physician opined that claimant could perform the sedentary work offered by Horseshoe. Based solely on claimant’s statement, Dr. Acurio changed his opinion. Against the |2weight of the evidence, the WCJ awarded Supplemental Earnings Benefits. I would reverse the WCJ’s conclusion.